IN THE UNITED STATES DISTRICT COURT
FOR THE EASTER DISTRICT OF TEXAS
BEAUMONT DIVISION

| | |
|---|---|
| **JOSHUA GARRIN STANLEY,** *et al.*, | § |
| *Plaintiffs,* | § |
| VS. | § Civil Action No. 1:13-CV-374 |
| **CAR-BER TESTING TEXAS, LLC** | § |
| *Defendant.* | § |

**ORDER ON MOTION TO
STRIKE PLAINTIFFS' EXPERT DESIGNATION**

The District Court referred this matter to the undersigned United States Magistrate Judge for determination of non-dispositive pretrial matters. Now pending before the Court for the purposes of this Order is the Defendant's *Motion to Strike Plaintiffs' Designation of Experts* (doc. #32).

**I.   Background**

On April 2, 2014, Car-ber Testing Texas, LLC ("Defendant") filed its *Motion to Strike Plaintiffs' Designation of Expert Witnesses* (doc. #32)[1]. Joshua Garrin Stanley, *et al.*, ("Plaintiffs") filed their Designation of Experts with the Court on August 2, 2013. *See Defendant's Motion to Strike Plaintiffs' Designation of Experts,* at pp. 1-2. Defendant claims Plaintiffs failed to comply with Federal Rule of Civil Procedure 26 regarding the disclosure of expert designations. *Id.* at p. 1. According to Defendant,

---

[1] The parties are aware of the complicated procedural history which preceded the filing of the instant motion. Defendant had previously filed the motion to strike Plaintiffs' expert designations on September 3, 2013 (doc. #13). After various orders directing severance, consolidation and referral to this Court, Defendant re-filed its motion in the instant case pursuant to the directives issued in Judge Crone's order of consolidation dated March 12, 2014 (doc. #30).

1

"Plaintiffs are reserving the right to call employees of Car-ber, Motiva ("Motiva"), Bechtel-Jacobs CEP Port Arthur JV ("Bechtel"), and the United States Department of Labor ("DOL") as expert witnesses that they have not retained." *Id.* Defendant asserts that Plaintiffs' designation of expert witnesses "does not identify any of the employees they intend to call from Car-ber, Motiva, Bechtel, or the USDL as expert witnesses or provide a complete summary of the facts and opinions to which the witnesses are expected to testify." *Id.* Additionally, Plaintiffs designated "Glen Morgan, John Werner, Curtis Leister, Mark Frasher and Plaintiffs as retained expert witnesses." *Id.* Defendant argues these designations fail to satisfy Federal Rules of Civil Procedure 26(a)(2)(A) and 26(a)(2)(B) in that Plaintiffs failed to designate which Plaintiffs intend to testify as expert witnesses. *Id.* at pp. 1-2. Defendant further contends that Plaintiffs' designations fail to provide expert reports from these retained expert witnesses. *Id.* Due to Plaintiffs' failure to comply with Rule 26, Defendant requests the Court to strike each of Plaintiffs' expert designations. *Id.* at p. 2.

On April 2, 2014, Plaintiffs filed its *Response to Defendant's Motion to Strike Plaintiffs' Designation of Expert Witnesses/Alternatively Motion for Leave to Supplement Expert Designations* (doc. #35). Plaintiffs "do not stipulate that the use and application of PPE will require expert testimony." *See Plaintiffs' Response,* at p. 2. But, in an abundance of caution, "Plaintiffs – who were required to use said PPE, and Defendant's employees – who have knowledge concerning the use of PPE – would be in a position to provide any such testimony." *Id.*

## II. Law Governing Disclosure of Expert Witnesses

Under Federal Rule of Civil Procedure 16(b), federal courts have the clear authority to control and expedite the discovery process through a scheduling order. *See Geiserman v. MacDonald,* 893 F.2d 787, 791 (5th Cir. 1990). Consistent with the authority vested in the district court by Rule 16, the trial court is granted broad discretion to preserve the integrity and purpose of such pretrial orders. *Id.* (quoting *Hodges v. United States,* 597 F.2d 1014, 1018 (5th Cir. 1979)).

Federal Rule of Civil Procedure 26 sets forth the procedure for designating expert witnesses. A party is required to make disclosures to other parties regarding the identity of any witness it may use at trial to present evidence under Federal Rule of Evidence 702, 703, or 705. *See* FED. R. CIV. P. 26(a)(2)(A). A party must make disclosures of expert testimony "at the times and in the sequence that the court orders." FED. R. CIV. P. 26(a)(2)(D). If a witness is considered a retained expert witness, a party's disclosure of such a witness must be accompanied by a written report prepared and signed by the witness that contains: (1) a complete statement of all opinions the witness will express and the basis and reasons for them; (2) the facts or data considered by the witness in forming them; (3) any exhibits that will be used to summarize or support them; (4) the witness's qualifications, including a list of all publications authored in the previous 10 years; (5) a list of all other cases in which, during the previous 4 years, the witness testified as an expert at trial or by deposition; and (6) a statement of the compensation to be paid for the study and testimony in the case. *See* FED. R. CIV. P. 26(a)(2)(B). A party seeking to disclose a non-retained expert witness must state (1) the subject matter on

which the witness is expected to present evidence and (2) a summary of the facts and opinions to which the witness is expected to testify. *See* FED. R. CIV. P. 26(a)(2)(C).

**III. Analysis**

    a. Expert Witnesses on Personal Protective Equipment ("PPE")

In their Designation of Experts, Plaintiffs listed the following as non-retained experts they may call upon to testify concerning the use and application of PPE:

1. Employee(s) of CAR-BER Testing Texas, LLC with the most knowledge concerning the use and application of PPE;

2. Employee(s) of Motiva with the most knowledge concerning the use and application of PPE; and

3. Employee(s) of Bechtel-Jacobs CEP Port Arthur JV with the most knowledge concerning the use and application of PPE.

*See Plaintiffs' Response,* at pp. 2-3. Plaintiffs also state "Plaintiffs were required to adhere to the PPE Policy and are expected to testify regarding the proper use and application of PPE." *Id.*

Defendant takes issue with each of these designations because Plaintiffs have not specifically identified any expert witnesses by name. Further, Defendant argues Plaintiffs failed to provide a complete summary of the facts and opinions to which the witnesses are expected to testify. *See Defendant's Motion to Strike,* at p. 1. Defendant, therefore, contends Plaintiffs' designation of these experts is wholly inadequate under the standards of Rule 26(a)(2)(A) and Rule 26(a)(2)(C). *Id.*

The purpose of requiring parties to disclose the identity of any witnesses it may use at trial is "to give parties a reasonable opportunity to prepare an effective cross-

examination of the opposing parties' expert witnesses and, if necessary, arrange for testimony from other experts." 6 James Wm. Moore, *et al.,* MOORE'S FEDERAL PRACTICE § 26.23(2)(a)(i) (3d ed. 2014) (citing FED. R. CIV. P. 26(a)(2) advisory committee's note (1993)). By choosing to file a formal designation of expert witnesses, Plaintiffs submitted themselves to the requirements of Rule 26, the most basic of which is to disclose to the other parties "the identity of any witness [a party] may use at trial to present evidence under Federal Rule of Evidence 702, 703, or 705." FED. R. CIV. P. 26(a)(2)(A). By simply listing the expert witnesses as employees of each company, Plaintiffs gave Defendant no opportunity to prepare an effective cross-examination of those expert witnesses nor was Defendant able to arrange for possible testimony from other experts. There is an unlimited number of people in each company Plaintiffs could call on as employees "with the most knowledge concerning the use and application of PPE." *See Exhibit A to Defendant's Motion to Strike.* The designation of the unnamed employees of Defendant, Motiva, Bechtel-Jacobs, and Plaintiffs is wholly insufficient. Thus, Plaintiffs have failed to satisfy the identity requirement of Rule 26(a)(2)(A).

Plaintiffs have also failed to comply with Rule 26(a)(2)(C), which requires a disclosure of a non-retained witness to state (1) the subject matter on which the witness is expected to present evidence under Federal Rule of Evidence 702, 703, or 705 and (2) a summary of the facts and opinions to which the witness is expected to testify. *See* FED. R. CIV. P. 26(a)(2)(C). Plaintiffs did satisfy the first requirement by listing the subject matter as to the use and application of PPE. However, there are no statements containing a summary of the facts or opinions about which any of the purported expert witnesses are

expected to testify to.  Plaintiffs, therefore, further failed to comply with Rule 26 in this regard.

### b.  Whether the Proposed PPE Expert Witnesses Should Be Stricken

"If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless."  FED. R. CIV. P. 37(c)(1).  A trial judge "has broad discretion in the matter of the admission or exclusion of expert evidence."  *Salem v. United States Lines Co.,* 370 U.S. 31, 35 (1962).  In determining whether the exclusion of improperly designated expert testimony is appropriate under Rule 37(c), the Fifth Circuit has adopted a four-part test.  *See Bradley v. United States,* 866 F.2d 120, 125 (5th Cir. 1989) (per curiam).  Under this test, a court must consider: "(1) the importance of the witness's testimony; (2) the prejudice to the opposing party of allowing the witness to testify; (3) the possibility of curing such prejudice by granting a continuance; and (4) the explanation, if any, for the party's failure to identify the witness."  *Id.*  Here, because Plaintiffs' designation of experts does not comply with Rule 26(a)(2)(A)'s identity requirement or Rule 26(a)(2)(C)'s mandate for a summary of the facts and opinions to which the witness is expected to testify, the Court must consider whether striking Plaintiffs' designation is warranted.

### i.  *The Importance of the Witness' Testimony*

Plaintiffs "do not agree that the use and application of PPE will require expert knowledge and training."  *See Plaintiffs' Response,* at p. 4.  However, to the extent Defendant claims it does, "Plaintiffs would reserve the right to call on those witnesses –

6

Plaintiffs themselves, Defendant (via 30(b)(6) testimony), Motiva and Jacobs/Bechtel – who are familiar with the use of PPE." *Id.* From these statements alone, the importance of the witnesses' testimony is seemingly minimal.

However, Plaintiffs do state that in seeking to recover compensation for all time in the continuous workday, one of the issues in this case will be the commencement and end of the continuous workday. *See Plaintiffs' Response,* at p. 1. Considering this, "the use and application of personal protective equipment ('PPE') will likely be a relevant issue from the standpoint of whether donning and doffing of the PPE involved in this case was compensable and/or was a principal activity sufficient to commence the start of the continuous work day." *Id.*

Courts have found appropriate methods of making a prima facie showing of a pattern or practice of unpaid time and wages consist of "employee testimony, documentary evidence, and expert testimony." *See Alvarez v. IBP, Inc.*, No. CT-98-5005-RHW, 2001 WL 34897841, 2001 U.S. Dist. LEXIS 25344, at *22 (E.D. Wash. Sept. 14, 2001) (citing *Castillo v. Givens,* 704 F.2d 181, 195 (5th Cir. 1983)). Because the only information Plaintiffs have provided regarding the expert testimony is that it will concern the use and application of PPE, it is not possible to determine, at this point, whether expert testimony is needed or if the jury is "capable of comprehending the primary facts and of drawing correct conclusions from them as are witnesses possessed of special or peculiar training, experience, or observation in respect of the subject under investigation." *Salem,* 370 U.S. at 35. Assuming, *arguendo,* that the purported experts' testimonies are important to proving Plaintiffs' claims under the Fair Labor Standards Act, this factor weighs in favor of Plaintiffs.

ii.  *The Prejudice to the Opposing Party*

Plaintiffs' expert designation fails to disclose the opinions the purported experts will provide at trial.  Plaintiffs contend that based on their designations, "it can be expected that said persons – Plaintiffs and employees of Defendant, Motiva and Bechtel with knowledge of PPE, would testify as to how, when, and where the hand protection, head protection respiratory protection, foot protection, etc. (some of which is described in Motiva/Bechtel/Defendant's Work Rules at Page 19) was use and applied."  *See Plaintiffs' Response,* at p. 3.

These facts do not provide insight into what Plaintiffs' purported expert witnesses will say regarding the use and application of PPE.  Experts reviewing these handbooks can form any number of opinions.  Without providing the identity of the expert witnesses and a summary of the facts or opinions to which these witnesses may testify, Defendant was not given a reasonable opportunity to prepare for trial. *See Young v. Brand Scaffold Servs., LLC,* No. 1:07-CV-917, 2009 WL 4674050, 2009 U.S. Dist. LEXIS 120175 (E.D. Tex. Feb. 24, 2009) (Crone, J.) (a party not having the opportunity to retain and designate its own expert to present controverting testimony was held to prejudice such a party); *see also Geiserman,* 893 F.2d at 791 (failure to comply with Rule 26 interfered with attorney's preparation for and taking of depositions of proposed experts and was considered prejudicial to the opposing party).  Thus, Defendant is prejudiced by Plaintiffs' failure to comply with Rule 26.

However, the Court agrees with Plaintiffs that Defendant - as the party who required the use and application of PPE - should expect to testify on the basics regarding the use and application of PPE. Although Defendant is still prejudiced by Plaintiffs'

8

failure to comply with Rule 26, this prejudice is lessened by the fact that Defendant is the proponent of the PPE itself.

### iii. *The Possibility of a Continuance*

A continuance is "the preferred means of dealing with a party's attempt to designate a witness out of time or offer new evidence." *Bradley,* 866 F.2d at 127 n.11. While continuing the case might diminish the prejudice to Defendant, "it would result in increased cost and delay." *Young,* 2009 U.S. Dist. LEXIS 120175, at *13 (citing *Hamburger v. State Farm Mut. Auto. Ins. Co.,* 361 F.3d 875, 883 (5th Cir. 2004)). However, the discovery deadline for this case is October 21, 2014. *See Order Granting Motion to Extend Deadlines and Entry of Second Amended Scheduling Order* (doc. #36). As this deadline is nearly than three months away, Defendant has ample time to prepare for examination of Plaintiffs' experts and retain any necessary rebuttal experts. Additionally, Defendant would have nearly four months, until November 24, 2014, to file motions to exclude or limit expert testimony. *Id.* Given the convoluted procedural history, the fact that the case was referred to the undersigned over seven months after its inception, and seeing as over forty related cases are pending on the undersigned's docket, at this point granting a continuance would not significantly disrupt the Court's schedule. Although a continuance "would neither punish [Plaintiffs] for [their] conduct nor deter similar behavior in the future," granting an extension of ten (10) days would force Plaintiffs to either correct their insufficiencies within the short time frame or lose the opportunity to provide expert witness testimony. *See Bradley,* 866 F.2d at 126. A continuance to allow Plaintiffs to cure the deficiencies with their designations would

9

accordingly diminish the prejudice to Defendant without disrupting the discovery schedule.

### iv.   *The Explanation Given for Failure to Comply with Rule 26*

Plaintiffs claim they will "notice the deposition of Defendant's corporate representative, and will request that Defendant's corporate representative have knowledge to discuss the use and application of PPE.  Plaintiffs will rely on Defendant to identify the corporate designee."  *Id.*  As for the other expert witnesses regarding the use and application of PPE, Plaintiffs contend "the names of Motiva and Bechtel's employees who prepared, reviewed and approved" the Employment Conditions, Work Rules & Environmental, Safety and Health Handbook are listed "on the front page of said handbook, and, while somewhat duplicative, Plaintiffs can provide a supplemental designation listing those individual's names." *Id.* at pp. 3-4.  However, Plaintiffs provide no explanation for their failure to identify which of the Plaintiffs will testify at trial.

These arguments are unpersuasive.  It is true that Defendant may be in the best position to name the employee with the most knowledge regarding the use and application of PPE.  However, "the party with the burden of proof on an issue should make their disclosures with respect to that issue."  FED. R. CIV. P. 26(a)(2) advisory committee's note (1993).  Plaintiffs have the burden of proof regarding their claims under the Fair Labor Standards Act, not Defendant.  Under Rule 26, Plaintiffs cannot put the responsibility of naming an expert witness necessary to support *Plaintiffs'* claims from each company on Defendant.  When Plaintiffs designated expert witnesses pursuant to Rule 26, they submitted themselves to the applicable requirements.  They should not be permitted to then turn around and shift their burden under the Rules onto Defendant.

Based on the foregoing analysis, the Court finds that although the importance of the proposed expert testimony is yet unknown, the likelihood that such testimony will be of significant importance to Plaintiffs' case weighs in Plaintiffs favor.  Additionally, the fact that Defendant is prejudiced by Plaintiffs' failure to comply with Rule 26 can be diminished by granting a continuance in this case without disrupting the remainder of the Court's scheduling order.  Therefore, the Court will afford Plaintiffs ten (10) days to re-file their expert designations.  These expert designations must comply with the requirements of Rule 26 as further discussed herein.  If Plaintiffs fail to comply yet again with these requirements, the Court will deem Plaintiffs' expert designations regarding PPE as stricken.

    c.   Department of Labor Advisory Opinions

As an expert witness regarding wage and hour opinions, Plaintiffs designated the "United States Department of Labor" ("DOL") as a non-retained expert witness.  Plaintiffs claim that by disclosing the Department of Labor advisory opinions in their designation of expert witnesses, Plaintiffs were simply reserving "the right to introduce into evidence the DOL's advisory opinions." *See Plaintiffs' Response,* at p. 4.

If Plaintiffs are seeking to have an employee from the DOL testify at trial as an expert witness, Plaintiffs must comply with the Rule 26 requirements.  However, if Plaintiffs are simply seeking to use the Wage and Hour Advisory opinions to introduce the DOL's interpretations regarding "the meaning of 'Work,' the 'Portal to Portal Act,' and 'Donning and Doffing,'" a Rule 26 expert designation is not the proper way to introduce these opinions.  *Id.*  The United States Supreme Court considers that the rulings, interpretations and opinions of the Administrator of the Wage and Hour Division

11

of the DOL issued under the FLSA, "while not controlling upon the courts by reason of their authority, do constitute a body of experience and informed judgments to which courts and litigants may properly resort for guidance." *Skidmore v. Swift & Co.,* 323 U.S. 134, 140 (1944). Thus, Plaintiffs can use the DOL advisory opinions but cannot use Rule 26 to introduce such opinions into the record.

If Plaintiffs are solely seeking to admit the information contained in the DOL advisory opinions into evidence at trial, it is possible that this can be effectuated through the means of judicial notice without the more cumbersome requirements of the Rules on expert designations. A court may "judicially notice a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." FED. R. EVID. 201(b). Public records include letter decisions of government agencies and published reports of administrative bodies if the public has unqualified access to them. *See Hooker v. Dallas Indep. Sch. Dist.,* 2010 WL 4025776, 2010 U.S. Dist. LEXIS 108900, at *11-12 (N.D. Tex. Sept. 13, 2010) (citing *Pension Benefit Guar. Corp. v. White Consol. Indus.,* 998 F.2d 1192, 1197 (3d Cir. 1993)). Courts, therefore, may take judicial notice of DOL opinions because these opinions are public record and not subject to reasonable dispute. *See McVey v. McVey,* 2014 WL 2782235, 2014 U.S. Dist. LEXIS 82896, at *9 (C.D. Cal. June 16, 2014).

    d. Expert Witnesses on Attorney's Fees

The only remaining issue is whether Plaintiffs properly designated attorneys Glen Morgan, John Werner, Curtis Leister, and Mark Frasher as expert witnesses regarding attorney's fees. It must be determined if these witnesses are considered retained or non-

retained expert witnesses in order to evaluate whether Plaintiffs complied with the applicable requirements under Rule 26.  Defendant asserts that the attorneys are retained expert witnesses, subjecting Plaintiffs to meet the requirements of Rule 26(a)(2)(B), but Plaintiffs failed to meet such requirements by not providing an expert report.  *See Defendant's Motion to Strike,* at pp. 3-4.  Plaintiffs contend that upon prevailing in this matter, Plaintiffs' counsel "has the personal knowledge concerning the amount of time and labor expended in litigating this matter through trial" and will "be in a position to provide testimony to assist the Court in determining the reasonableness and necessity of attorney fees."  *See Plaintiffs' Response,* at p. 6.

A retained expert witness is an expert who, without prior knowledge of the facts giving rise to litigation, "is recruited to provide expert opinion testimony."  *See Downey v. Bob's Disc. Furniture Holdings,* 633 F.3d 1, 6 (1st Cir. 2011).  In contrast, a non-retained expert witness' testimony "arises not from his enlistment as an expert, but, rather, from his ground-level involvement in the events giving rise to the litigation."  *Id.*  In general, "attorneys testifying solely on the topic of attorneys' fees are not required to provide expert reports."  *Kondos v. Allstate Tex. Lloyds,* No. 1:03-CV-1440, 2005 WL 1004720, 2005 U.S. Dist. LEXIS 37661, at *54 (E.D. Tex. Apr. 25, 2005) (Crone, J.) (citing *McCulloch v. Hartford Life & Accident Ins. Co.,* 223 F.R.D. 26, 29 (D. Conn. 2004)).  The Eastern District of Texas has held that an expert report is not required when an attorney who represents a party in the current litigation will testify as to reasonable and necessary attorney's fees because these types of attorneys do not qualify as an expert who was retained or specially employed to provide expert testimony.  *See Kondos,* 2005

U.S. Dist. LEXIS 37661, at *54-55.  Therefore, in this case, Plaintiffs were not required to submit an expert report from each of their attorneys.

Additionally, Defendant had adequate notice of Plaintiffs' intent to call Plaintiffs' attorneys as testifying experts on attorney's fees in this case because if Plaintiffs prevailed at trial, Plaintiffs are entitled to reasonable attorney's fees under the Fair Labor Standards Act.  *See* 29 U.S.C. § 216(b) (2012) ("The court in such action shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action").  At this point in the litigation, the exact amount of attorney's fees cannot be ascertained "because, as this case proceeds to trial, the attorneys' fees continue to accrue." *Kondos,* 2005 U.S. Dist. LEXIS 37661, at *55.  However, at trial, "in order to substantiate their claim for attorneys' fees, [Plaintiffs] will be required to supply written documentation reflecting the time expended, the rates charged, and the nature of the work performed by the attorneys representing them." *Id.* at *56.

Based on the above analysis, the Court disagrees with Defendant's request to strike the testimony of these attorney witnesses.  At this point, Plaintiffs are not precluded from introducing Glen Morgan, John Werner, Curtis Leister, and Mark Frasher's expert testimony at trial on this subject.  As the case progresses, the Court can, of course revisit the substantive issue of the attorneys' fees testimony as needed.

### IV.     Conclusion and Order of the Court

The Court **ORDERS** that the *Motion to Strike Plaintiffs' Designation of Experts* (doc. #32) is **GRANTED IN PART** and **DENIED IN PART.**  The motion is granted as to the experts designated to testify regarding PPE at this time, but Plaintiffs are given

leave to re-file their designation of experts within **ten (10) days** of this order to cure the identified deficiencies in their designation of experts. If Plaintiffs resubmit their designations in accordance with this order, the Court will grant Defendant leave to extend its deadline to designate experts if so requested by motion. The motion is also granted as to Plaintiffs' expert designations of the DOL opinions and the use of the Wage and Hour Opinions, subject to the Court's directives herein. Finally, as for Plaintiffs' experts regarding attorney's fees, the Court orders that the motion to strike is denied on that issue.

**SIGNED this the 28th day of July, 2014.**

_____
KEITH F. GIBLIN
UNITED STATES MAGISTRATE JUDGE