| UNITED STATES DISTRICT COURT | EASTERN DISTRICT OF TEXAS |

| | |
|---|---|
| JOSHUA GARRIN STANLEY, *et al.*, § | |
| § | |
| Plaintiffs, § | |
| § | |
| *versus* § | CIVIL ACTION NO. 1:13-CV-374 |
| § | |
| § | |
| CAR-BER TESTING TEXAS, LLC, § | |
| § | |
| Defendant. § | |

**MEMORANDUM ORDER ADOPTING REPORT AND RECOMMENDATION**

The Court referred this matter to United States Magistrate Judge Keith F. Giblin for consideration and recommended disposition of case-dispositive pretrial motions. On June 3, 2015, Judge Giblin issued a report and recommendation in which he recommended that the Court grant the defendant's motion for partial summary judgment in part and deny it part.

On June 17, 2015, the plaintiffs filed objections to the magistrate judge's recommendation. The plaintiffs object on the grounds that they produced evidence sufficient for a jury to find that their personal protective equipment (PPE) was integral and indispensable to their work on the Motiva Crude Expansion Project at issue in this case. The plaintiffs also cite record evidence and case law, all of which was before Judge Giblin at the time he issued his report on the motion for summary judgment. In conducting a *de novo* review of the record, the Court finds that the magistrate judge thoroughly considered the summary judgment evidence, viewing it in the light most favorable to the plaintiffs. Judge Giblin addressed the specific PPE at issue and did not err in his application of governing Fifth Circuit and Supreme Court precedent outlining the "integral and indispensable" test in considering the plaintiffs' claim for time spent donning and doffing their

PPE. *See Report*, at pp. 12-15. Judge Giblin also discussed *Integrity Staffing Solutions, Inc., v. Busk*, __U.S.__, 135 S. Ct. 513, 518 (2014) and *Steiner v. Mitchell*, 350 U.S. 247 (1956) in his report, which plaintiffs cite in their objections. The plaintiffs' objections do not show how Judge Giblin erred in his application of those cases to the evidence at hand. Judge Giblin's analysis on the PPE issue contains ample legal support and the cases cited by plaintiffs in their objections do not persuade the Court that his findings were in error. After considering the record, the Court agrees that the PPE at issue here was not integral and indispensable to the plaintiffs' work. Even if it were integral and indispensable, the plaintiffs' PPE claim does not rise above the level of *de minimis* because the evidence shows that it took less than five minutes to don and doff this PPE.

Pursuant to 28 U.S.C. § 636(b)(1), the Court conducted a *de novo* review of the magistrate judge's findings, the record, the specific objections, and the applicable law in this proceeding. After review, the Court finds that Judge Giblin's findings should be accepted.

The Court ORDERS that the report and recommendation (#82) is ADOPTED. Plaintiffs' objections (#83) are OVERRULED. The Court further ORDERS that the defendant's motion for partial summary judgment (#61) is granted in part and denied in part, as recommended by Judge Giblin. The plaintiffs' claims for compensable time based on the donning and doffing of the PPE are dismissed with prejudice, but genuine issues of material fact exist on the remaining claims under the Fair Labor Standards Act (FLSA).

SIGNED at Beaumont, Texas, this 29th day of June, 2015.

_____
MARCIA A. CRONE
UNITED STATES DISTRICT JUDGE